Van Brunt, P. J.
The only question involved upon this appeal seems to be whether the defendant parted with a valuable consideration at the time it received the bond in suit. The evidence in the case shows that the plaintiff was the owner of the bond, and that it had been converted by ■one R. A. Wight. It appears that the defendant was the holder of a note of the Kemble Coal and Iron Company for $6,000, which fell due on the 21st of July, 1884. This note was indorsed by Wight who was the treasurer of the said ■company. The defendant held as collateral to this note certain bonds similar to the one sued for, and ten shares of the stock of the National Bank of Rhinebeck. On the 19th of July the vice-president of the defendant was in New York, and called upon Mr. Wight in reference to the payment of this note. He was informed by Wight that he could not pay the note, and Wight was then told that the ■defendant would renew $4,500 of the note if he would pay $1,500. Mr. Wight’s reply was: “i haven’t got any money; I can’t spare any money for you; I will tell you what I will do: I will sell the ten shares of Rhinebeck stock which will bring $125 a share, and I will give you another bond to make the collateral good. The vice-president said that he would ■do that. At this time the note and collateral were in the Fourth National Bank for collection. The vice-president thereupon withdrew the note and collateral from the bank, returned the stock to Wight, and received from him the bond in suit. According to agreement; the stock was sold shortly thereafter, and $1,250 remitted to the defendant. The new note was made out for "Wight to sign, and was sent to him, which, however, he never signed. The $6,000 note was not presented for payment nor protested when it became due.
It would seem, under these circumstances, that the defendant at the time of the receipt of this bond, did part with value, and that it could hold the same as collateral for the payment of the amount which remained due upon the $6,000. The note was withdrawn from collection because of this new arrangement; the indorser of the note was discharged, and the defendant’s position was materially changed.
The learned counsel for the appellant lays great stress upon certain evidence showing an attempted indorsement of this bond in suit upon the old note of $6,000 as an original collateral.
It is, of course, elementary law that the receipt of stolen *129 property, merely as collateral for the past due debt, does not constitute the holder a holder for value, so as to prevent the true owner from recovering. But the case at bar is very different from this. The defendant, upon the receipt of this bond, actually parted with value, changed its position, refrained from protesting the note and charging the indorser, and therefore, by reason of those acts, became a holder for value.
As to the attempted sale of the bonds at which the defendants became purchasers, it is sufficient to say that by going-through those steps they have not, in any respect, changed their condition. Even if they had the right to sell the collateral in the way they did, they could not become the purchasers at such sale. But the plaintiff in this action cannot. recover until the debt due to the defendant has been discharged.
It may be that if the other collaterals which were received by the defendant were sufficient to pay the note, the plaintiff would have a right to have those collaterals applied to the payment of the note in order that her property might be discharged from the lien which the defendant has upon it. But this is the utmost relief which she could obtain under the facts, as established by the evidence in this case.
There seems to have been no question of fact to go to the jury. The transaction, as established by the evidence, was clearly of the nature above referred to; and although the defendant may have attempted to exercise other and different rights in reference to the bond in question, yet it has mot thereby forfeited the rights which it had thereto.
The judgment appealed from must be affirmed, with costs.
Macomber and Bartlett, JJ., concur.